Proskauer Proskauer Rose LLP Eleven Times Square New York, NY 10036-8299

February 28, 2025

Granted.
Denise Cote
3/3/25

Elise M. Bloom
Member of the Firm
d +1.212.969.3410
f 212.969.2900
ebloom@proskauer.com
www.proskauer.com

_By ECF_

Honorable Denise L. Cote, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: _Richardson v. National Basketball Association, et al._, Civil Action No. 23-cv-06926 (DLC)

Dear Judge Cote:

We represent Defendants the National Basketball Association and NBA Services Corp. (together, "NBA" or "Defendants") in the above-referenced matter. Consistent with this Court's Individual Practice In Civil Cases 8.B and Paragraph 6 of the Stipulation And Order of Confidentiality (ECF No. 47), Defendants submit this letter-motion to respectfully request an order sealing certain sensitive and confidential information filed in support of Defendants' Motion For Summary Judgment, and Defendants' Motion to Exclude Dr. Harvey A. Risch, a (collectively, the "Motions").

For the reasons set forth below, sealing of Defendants' confidential information – namely (i) private information concerning nonparties, including NBA players and referees; (ii) Defendants' confidential and/or proprietary business information; and (iii) material from the confidential Vaccination Exemption Board ("VEB") arbitration hearing between the National Basketball Referees Association (the "NBRA") and NBA Services Corp. – is appropriate in light of the Second Circuit's decision in _Lugosch v. Pyramid Co. of Onondaga_, 435 F.3d 110 (2d Cir. 2006). Defendants therefore respectfully request that the Court permit the following documents and testimony be filed under seal and/or with redactions:

- Exhibits C, D, H, I, N, O, R, S, T, Z, EE, FF, KK, and WW to the Declaration of Elise M. Bloom filed in support of Defendants' Motion for Summary Judgment;
- Declaration of Neal Stern and Exhibits A through E, thereto, filed in support of Defendants' Motion for Summary Judgment; and
- Exhibits A, B, C, F, and I to the Declaration of Elise M. Bloom filed in support of Defendants' Motion to Exclude the Opinions and Testimony of Dr. Risch.

Defendants also request that the Court permit any related discussions of these documents in its memoranda of law in support of their Motion for Summary Judgment and Statement of Undisputed Material facts pursuant to Local Rule 56.1 (as well as in any subsequent briefing submitted in connection with the Motions, to the extent applicable) be maintained on the public docket with limited redactions.

## I. Applicable Legal Standard.

"The Second Circuit has set forth a three-part analysis for determining whether documents relating to a lawsuit must be made available to the public." *Stern v. Cosby*, 529 F. Supp. 2d 417, 420 (S.D.N.Y. 2007) (citing *Lugosch*, 435 F.3d at 119-20. First, the Court determines whether the documents are judicial documents to which the public has a presumptive right of access. *Id.* Second, the Court determines the weight of the presumptive right of access by examining "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* Third, once the weight is determined, "a court must balance competing considerations against it." *Stern*, 529 F. Supp. 2d at 420 (citing *Amodeo*, 71 F.3d at 1050. Mindful of the applicable standard, Defendants have limited the information it requests to file under seal as follows.

## II. Defendants' Narrowly Tailored Sealing Requests Are Consistent With *Lugosch*.

Defendants request to seal three narrow categories of information.

***First***, Defendants request to seal material concerning private, sensitive information regarding nonparties, including NBA players and referees. This includes private health information such as nonparties' COVID-19 vaccination status, COVID-19 infection status, medical and/or religious exemptions received from Defendants' COVID-19 vaccination policies, and private conversations that Plaintiff had nonparties. Defendants also move to seal limited references to NBA employees' personal addresses and/or email addresses.

The Second Circuit has "held that the privacy interests of innocent third parties should weigh heavily in a court's balancing equation." *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) (internal citation and alteration omitted); *see also In re Google Digit. Advert. Antitrust Litig.*, 2021 WL 4848758, at *5 (S.D.N.Y. Oct. 15, 2021) (sealing names, job titles and email addresses of non-party employees); *Al Thani v. Hanke*, 2021 WL 2789276, at *1 (S.D.N.Y. Jan. 15, 2021) (granting request to redact personal information, including names, from a publicly filed exhibit on the grounds that "the privacy interests of [defendants'] investors, who are not parties to this case and whose identities are not relevant to the resolution of the motions to dismiss, outweigh the presumption of public access" and the redactions were "narrowly tailored to protect the investors' privacy interests"); *Kelly v. City of N. Y.*, 2003 WL 548400 (S.D.N.Y. Feb. 24, 2003) (redacting employee names in personnel records because disclosure had "the potential to invade their privacy and impair their personal reputations").

Similarly, sensitive health information is commonly recognized as outweighing the presumption of judicial access. *See, e.g., Dilworth v. Goldberg*, 2014 WL 3798631, at *2 n.3 (S.D.N.Y. Aug. 1, 2014) (finding that exhibits containing medical records were properly redacted as "courts routinely file medical records under seal"); *Sterbens v. Sound Shore Med. Ctr. of Westchester*, 2001 WL 1549228, at *1 (S.D.N.Y. Dec. 4, 2001) (sealing portions of file containing medical information).

Here, the privacy interests of nonparties, especially regarding their sensitive health information, outweigh any presumption of access to these documents. The need to protect this type of information is particularly acute in light of the fact that NBA players and referees operate in the public arena and disclosure of such information would likely be publicized.

Based on the foregoing, Defendants respectfully request that the following information and/or documents remain on the public docket in redacted form or sealed:

- Exhibits C, H, I, R, S, T, Z, EE, FF, KK, and WW to the Declaration of Elise M. Bloom filed in support of Defendants' Motion for Summary Judgment;
- Declaration of Neal Stern and Exhibits A through E, thereto, filed in support of Defendants' Motion for Summary Judgment; and
- Exhibits A, B C, and F to the Declaration of Elise M. Bloom filed in support of Defendants' Motion to Exclude the Opinions and Testimony of Dr. Risch.

***Second***, Defendants move to seal limited references to Defendants' confidential and/or proprietary business information. A business's confidential and proprietary business information can overcome the presumption of judicial access. *See Skyline Steel, LLC v. PilePro, LLC*, 101 F. Supp. 3d 394, 412-13 (S.D.N.Y. 2015) (granting motion to seal documents containing, among other things, emails revealing confidential business decisions); *Playtex Prods., LLC v. Munchkin, Inc.*, 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) ("[B]ecause Plaintiffs' privacy interests and the likely harm they may suffer if this 'highly proprietary material' is revealed to their competitors outweigh the presumption of public access, the Court authorizes the sealing of the redacted statements.").

Here, Defendants are moving to seal information regarding: (i) the health and safety protocols in effect for NBA players and for NBA referees for the 2020-2021 and 2021-2022 NBA seasons, which were marked as confidential and not publicly disseminated;[1] and (ii) confidential business information concerning the NBA's business operations. None of this sensitive and proprietary information is widely disseminated and is only disclosed on a need-to-know basis. *See Standard Inv. Chartered, Inc. v. Fin. Indus. Regul. Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (upholding district court's finding that the defendant's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access").

Based on the foregoing, Defendants respectfully request that the following information and/or documents remain on the public docket in redacted form or sealed:

[1] Specifically, the health and safety protocols each state that they are "exclusively for the internal use of the NBA league office and its advisors, NBA [players or referees], team and team personnel, the union, and other government officials."

- Exhibits C, D, and O to the Declaration of Elise M. Bloom filed in support of Defendants' Motion for Summary Judgment.

***Third***, Defendants move to seal non-public information from the VEB arbitration hearing between the NBRA, on behalf of Plaintiff, and NBA Services Corp.[2]

"Confidentiality is a paradigmatic aspect of arbitration." *Stafford v. Int'l Bus. Machs. Corp.*, 78 F.4th 62, 71 (2d Cir. 2023) (internal citation omitted); *Mercantile Glob. Holdings, Inc. v. Hamilton M&A Fund, SP*, 2024 WL 1974276, at *1 (S.D.N.Y. May 3, 2024) ("The parties' interest in confidentiality for purposes of facilitating arbitration is a consideration supporting sealing."). Here, arbitrations between the NBRA and NBA Services Corp. are generally maintained as confidential, and NBA Services Corp. proceeded through the VEB arbitration hearing with the understanding that it would be maintained as a confidential.

Based on the foregoing, Defendants respectfully request that the following information and/or documents remain on the public docket in redacted form or sealed:

- Exhibits N, EE, and FF to the Declaration of Elise M. Bloom filed in support of Defendants' Motion for Summary Judgment; and
- Exhibit I to the Declaration of Elise M. Bloom filed in support of Defendants' Motion to Exclude the Opinions and Testimony of Dr. Risch.

## III. Conclusion

For the foregoing reasons, Defendants' sealing requests are narrowly tailored to protect private, confidential, and/or proprietary information, and therefore consistent with *Lugosch*. Accordingly, Defendants respectfully request that the Court grant Defendants' motion to seal the materials summarized above, and any related discussion of these documents in Defendants' memoranda of law and statement of undisputed material facts pursuant to Local Rule 56.1 (as well as any subsequent briefing submitted in connection with the Motions).

Respectfully submitted,

*/s/ Elise M. Bloom*

Elise M. Bloom

cc: All Counsel of Record (via ECF)

---

[2] Defendants are not moving to seal any information that Plaintiff has already publicly filed in this action.