# Proskauer»  Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

March 5, 2025

Elise M. Bloom
Member of the Firm
d +1.212.969.3410
f 212.969.2900
ebloom@proskauer.com
www.proskauer.com

*By ECF*

Honorable Denise L. Cote, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Richardson v. National Basketball Association, et al.*, Civil Action No. 23-cv-06926 (DLC)

Dear Judge Cote:

    We represent Defendants the National Basketball Association and NBA Services Corp. (together, "NBA" or "Defendants") in the above-referenced matter. Consistent with this Court's Individual Practice In Civil Cases 8.B and Paragraph 6 of the Stipulation And Order of Confidentiality (ECF No. 47), and pursuant to this Court's Order dated February 21, 2025 (ECF No. 69), Defendants submit this letter-motion to respectfully request an order sealing limited sensitive and confidential information filed in support of Plaintiff's Motion For Summary Judgment ("Plaintiff's Motion"). (ECF Nos. 63, 65-66.) These redactions protect the privacy interests of nonparties as well as Defendants' sensitive business information, and the public interest would not be served by the disclosure of this information.[1]

    On February 20, 2025, Plaintiff filed Plaintiff's Motion (ECF Nos. 63, 65, 66). Plaintiff filed his Memorandum of Law (ECF No. 65) and Local Civil Rule 56.1 Statement of Undisputed Material Facts ("Statement of Facts"), with exhibits attached thereto (ECF No. 66) entirely under seal. In his sealing letter to the Court (ECF No. 64), Plaintiff noted that he did not believe the designated sealed materials were "truly confidential or [contained] otherwise sensitive information." (ECF No. 64.)

    On February 21, 2025, this Court granted Defendants' letter-motion for an extension to March 5, 2025 to review Plaintiff's Motion and provide the Court with their position as to sealing. (ECF No. 69.)

    For the reasons set forth below, sealing of Defendants' confidential information contained in Plaintiff's Motion – namely (i) private information concerning nonparties, including NBA players and referees; and (ii) Defendants' confidential and/or proprietary business information is appropriate in light of the Second Circuit's decision in *Lugosch v. Pyramid Co. of Onondaga*, 435

---

[1] Defendants have attached copies of the documents from Plaintiff's Motion that they are requesting be filed with redactions to the Declaration of Elise M. Bloom, filed herewith, with Defendants' proposed redactions highlighted. If Defendants' letter-motion to seal is granted, Defendants request that Plaintiff be directed re-file his motion for summary judgment with redactions as described herein, but Defendants will proceed however the Court prefers.

**Proskauer»**

Honorable Denise L. Cote, U.S.D.J.
March 5, 2025
Page 2

F.3d 110 (2d Cir. 2006). Defendants therefore respectfully request that the Court permit the following documents and testimony remain redacted:

- Plaintiff's Exhibits 11, 12, 13, 15, and 16.

Defendants also request that the Court permit any related discussions of these documents in Plaintiff's Memorandum of Law and Statement of Facts (as well as in any subsequent briefing submitted in connection Plaintiff's Motion, to the extent applicable) be filed with redactions as appropriate.

### I. Applicable Legal Standard.

"The Second Circuit has set forth a three-part analysis for determining whether documents relating to a lawsuit must be made available to the public." *Stern v. Cosby*, 529 F. Supp. 2d 417, 420 (S.D.N.Y. 2007) (citing *Lugosch*, 435 F.3d at 119-20. First, the Court determines whether the documents are judicial documents to which the public has a presumptive right of access. *Id.* Second, the Court determines the weight of the presumptive right of access by examining "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* Third, once the weight is determined, "a court must balance competing considerations against it." *Stern*, 529 F. Supp. 2d at 420 (citing *Amodeo*, 71 F.3d at 1050. Mindful of the applicable standard, Defendants have limited the information it requests to file under seal as follows.

### II. Defendants' Narrowly Tailored Sealing Requests Are Consistent With *Lugosch*.

Defendants request to seal two narrow categories of information.

*First*, Defendants request to seal material concerning private, sensitive information regarding nonparties, including NBA players and referees. This includes private health information such as nonparties' COVID-19 vaccination status, COVID-19 infection status, and medical and/or religious exemptions received from Defendants' COVID-19 vaccination policies. Defendants also move to seal limited references to NBA employees' personal addresses and/or email addresses.

The Second Circuit has "held that the privacy interests of innocent third parties should weigh heavily in a court's balancing equation." *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) (internal citation and alteration omitted); *see also In re Google Digit. Advert. Antitrust Litig.*, 2021 WL 4848758, at *5 (S.D.N.Y. Oct. 15, 2021) (sealing names, job titles and email addresses of non-party employees); *Al Thani v. Hanke*, 2021 WL 2789276, at *1 (S.D.N.Y. Jan. 15, 2021) (granting request to redact personal information, including names, from a publicly filed exhibit on the grounds that "the privacy interests of [defendants'] investors, who are not parties to this case and whose identities are not relevant to the resolution of the motions to dismiss, outweigh the presumption of public access" and the redactions were "narrowly tailored to protect the investors' privacy interests"); *Kelly v. City of N. Y.*, 2003 WL 548400 (S.D.N.Y. Feb. 24,

# Proskauer»

Honorable Denise L. Cote, U.S.D.J.
March 5, 2025
Page 3

2003) (redacting employee names in personnel records because disclosure had "the potential to invade their privacy and impair their personal reputations").

Similarly, the privacy interest in sensitive health information outweighs the presumption of judicial access. *See, e.g., Dilworth v. Goldberg*, 2014 WL 3798631, at *2 n.3 (S.D.N.Y. Aug. 1, 2014) (finding that exhibits containing medical records were properly redacted as "courts routinely file medical records under seal"); *Sterbens v. Sound Shore Med. Ctr. of Westchester*, 2001 WL 1549228, at *1 (S.D.N.Y. Dec. 4, 2001) (sealing portions of file containing medical information). Here, the privacy interests of nonparties, especially regarding their sensitive health information, outweigh any presumption of access to these documents.

Based on the foregoing, Defendants respectfully request that the following information and/or documents remain redacted:

- Plaintiff's Exhibits 11, 12, 13, and 15.

**Second**, limited references to Defendants' confidential and/or proprietary business information should remain redacted or under seal. A business's proprietary business information can overcome the presumption of judicial access where, as here, the documents contain confidential information not available to the public. *See Skyline Steel, LLC v. PilePro, LLC*, 101 F. Supp. 3d 394, 412-13 (S.D.N.Y. 2015) (granting motion to seal documents containing, among other things, emails revealing confidential business decisions); *Playtex Prods., LLC v. Munchkin, Inc.*, 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) ("[B]ecause Plaintiffs' privacy interests and the likely harm they may suffer if this 'highly proprietary material' is revealed to their competitors outweigh the presumption of public access, the Court authorizes the sealing of the redacted statements.").

Here, Defendants are moving to seal information regarding: (i) the health and safety protocols in effect for NBA players and for NBA referees for the 2020-2021 and 2021-2022 NBA seasons, which were marked as confidential,[2] not publicly disseminated, and reflect confidential negotiations between Defendants and NBA players' and NBA referees' respective unions; and (ii) confidential business information concerning the NBA's business operations. None of this sensitive and proprietary information is widely disseminated and is only disclosed on a need-to-know basis. *See Standard Inv. Chartered, Inc. v. Fin. Indus. Regul. Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (upholding district court's finding that the defendant's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access").

---

[2] Specifically, the health and safety protocols each state that they are "exclusively for the internal use of the NBA league office and its advisors, NBA [players or referees], team and team personnel, the union, and other government officials."

# Proskauer»

Honorable Denise L. Cote, U.S.D.J.
March 5, 2025
Page 4

    Based on the foregoing, Defendants respectfully request that the following information and/or documents remain redacted:

- Plaintiff's Exhibits 12, 13, and 16.

### III. Conclusion

    For the foregoing reasons, Defendants' sealing requests are narrowly tailored to protect private, confidential, and/or proprietary information, and therefore consistent with *Lugosch*. Accordingly, Defendants respectfully request that the Court grant Defendants' motion to seal the materials summarized above, and any related discussion of these documents in Plaintiff's Memorandum of Law and Statement of Facts (as well as any subsequent briefing submitted in connection with Plaintiff's Motion).

Respectfully submitted,

/s/ *Elise M. Bloom*

Elise M. Bloom

cc: All Counsel of Record (via ECF)

*Handwritten annotation:* Granted. The plaintiff shall file the redacted versions of the materials in the public record by Tuesday, March 11, 2025.

*/s/ Denise Cote*
3/5/25