UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
                                       :    23cv6926 (DLC)
LEROY JEROME RICHARDSON, III,          :
                                       :
                          Plaintiff,   :    MEMORANDUM
                                       :    OPINION AND
              -v-                      :    ORDER
                                       :
THE NATIONAL BASKETBALL ASSOCIATION,   :
et al.,                                :
                                       :
                          Defendants.  :
                                       :
-------------------------------------- X

APPEARANCES:

For plaintiff Leroy Jerome Richardson, III:
Steven M. Warshawsky
The Warshawsky Law Firm
118 North Bedford Road, Suite 100
Mount Kisco, NY 10549

For defendants The National Basketball Association and NBA
Services Corporation:
Guy Brenner
Proskauer Rose LLP
1001 Pennsylvania Ave NW, Suite 400 South
Washington, DC 20004

Elise Michelle Bloom
Jordan Benjamin Glassberg
Michelle A. Annese
Proskauer Rose LLP
11 Times Square
New York, NY 10036

DENISE COTE, District Judge:

     Leroy Jerome Richardson, III sued his former employer, NBA

Services Corp. and the National Basketball Association

(together, the "NBA"), for a violation of Title VII of the Civil

Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII")
after the NBA denied his request for a religious exemption from
its COVID-19 vaccination requirement for referees.  An Opinion
of August 18, 2025 granted the NBA partial summary judgment on
Richardson's Title VII claim for the period following early
December 2021 on the ground that Richardson had failed to raise
a question of fact regarding the substantial undue hardship the
NBA demonstrated it would suffer if it permitted Richardson to
referee NBA games while unvaccinated.  Richardson v. Nat'l
Basketball Ass'n, No. 23cv6926, 2025 WL 2402614 (S.D.N.Y. Aug.
18, 2025) ("August 18 Opinion").  The Opinion is incorporated by
reference, and familiarity with it is assumed.  On September 2,
Richardson moved for reconsideration of the August 18 Opinion.
The motion was fully submitted on September 26.  Trial is due to
begin on November 3.  For the following reasons, Richardson's
motion for reconsideration is denied.


## Discussion

The standard for granting a motion for reconsideration is
"strict."  Cho v. Blackberry Ltd., 991 F.3d 155, 170 (2d Cir.
2021) (citation omitted).  A motion for reconsideration is "not
a vehicle for relitigating old issues, presenting the case under
new theories, securing a rehearing on the merits, or otherwise

2

taking a second bite at the apple." Analytical Survs., Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted). "A party may . . . obtain relief only when the party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Cho, 991 F.3d at 170 (citation omitted).

Richardson does not purport to have identified intervening case law or new evidence. Instead, Richardson grounds his motion primarily on arguments that he raised prior to the August 18 Opinion but contends that reconsideration is necessary to address clear error. Because Richardson does not identify any clear error, his motion is denied.

First, Richardson incorrectly contends that the August 18 Opinion either failed to apply or misapplied the "undue hardship" standard established in Groff v. DeJoy, 600 U.S. 447 (2023). Richardson claims that Groff requires an employer to demonstrate that accommodating an employee would result in "substantial increased costs" but that the August 18 Opinion "appears" to have employed the now-rejected de minimis standard instead. But the Opinion cited Groff's standard and, after conducting the "fact-specific inquiry" and individualized assessment it requires, concluded that the NBA had shown through

3

undisputed evidence that permitting unvaccinated referees like Richardson to work would pose a "substantial" burden and, thus, an undue hardship to the NBA's business.  See August 18 Opinion, 2025 WL 2402614, at *7-9 (quoting Groff, 600 U.S. at 468).  It cited undisputed advice from NBA medical advisors and public health authorities that testing was not as effective as vaccination in preventing COVID-19 transmission, severe illness, and death.  See id. at *8-9.  Thus, Richardson does not identify clear error in the Opinion's application of the "undue hardship" standard.

    Next, Richardson argues that there is a dispute of material fact as to whether the COVID Agreement's health and safety protocols for referees remained in effect for the entire 2021- 2022 season.  Once again, however, Richardson does not identify clear error in the Opinion's finding that "[t]he undisputed testimony from [the NBA's] executives and its treatment of the minor league referee[s] establish that the NBA had changed its vaccine accommodation policy no later than early December 2021." Id. at *9.  Richardson also repeats an argument from his summary judgment briefing that the August 18 Opinion already considered and rejected — namely, that accommodating him would not have constituted an undue hardship because the NBA had not issued any written amendments changing its vaccination policy during the

4

2021-2022 season.  See id.  And he mischaracterizes the
depositions of Byron Spruell and Neal Stern, who testified,
consistent with the Opinion's findings, that the COVID
Agreement's health and safety protocols for referees were
"subsequently modified" "as needed" to "follow[] the science."

Richardson's final arguments do not justify reconsideration
either.  Richardson once again repeats an argument from his
summary judgment briefing in claiming that it is disputed
whether compliance with the protocols is equally as safe as
vaccination because the NBA's experts could not quantify the
precise increase in risk.  But, as already explained, a motion
for reconsideration is "not a vehicle for relitigating old
issues."  Analytical Survs., Inc., 684 F.3d at 52 (citation
omitted).  And he does not support his final argument that the
August 18 Opinion improperly deferred to the NBA's views on the
risks of accommodation with any case law.

5

d

## Conclusion

Richardson's September 2, 2025 motion for reconsideration is denied.

Dated:    New York, New York
          September 29, 2025

                              _____
                                      DENISE COTE
                              United States District Judge